## United States Bankruptcy Court
## Northern District of  Illinois

**VOLUNTARY PETITION**

| Name of Debtor (if individual enter Last,, First, Middle):<br><br>POST, GARY D. | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| all other names | All Other Names used by the Joint Debtor in the last 6 years<br>(includes married, maiden, ad trade names): |
| Social Sec./Tax I.D. ( if more than one, state all):<br><br>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 | Social Sec./Tax I.D. No. (If more than one state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code)<br>808 POMEROON  STREET   #304<br>NAPERVILLE, IL 60540 | Street address of Joint Debtor (No. & Street, City, State & Zip Code) |
| County of Residence or of the<br>Principal Place of business:                    DUPAGE | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue(Check any applicable box)

[✓ ]  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date
    of  this petition or for a longer part of such 180 days than in any other District.

[  ]  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed<br>(Check one box) |
|---|---|
| ■ Individual(s)      ❑ Railroad<br>❑ Corporation      ❑ Stockbroker<br>❑ Partnership      ❑ Commodity Broker<br>Other_____ | ■ Chapter 7      ❑   Chapter 11      ❑   Chapter 13<br>❑ Chapter 9      ❑   Chapter 12<br>Sec. 304 - Case ancillary to foreign proceeding |

| Nature of Debts (Check one box)<br><br>■ Consumer/Non-Business      ❑   Business<br><br>Chapter 11 Small Business (check all boxes that apply)<br>❑ Debtor is a small business as defined in 11 U.S.C. Sec. 101<br>❑ Debtor is and elects to be considered a small business under<br>     11 U.S.C.  Section 1121 (c) (Optional) | Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br>❑ Filling fee to be paid in installments (Applicable to individuals only)<br>    Must attached signed Application for the court's consideration<br>    certifying that the debtor is unable to pay fee except in installments.<br>    Rule 1006(b) .  See Official Form No. 3 |

Statistical/Administrative Information (Estimates only)

❑ Debtor estimates the funds will be available for distribution to unsecured creditors.

❑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there
    will be  no  funds available for distribution to unsecured creditors.

**TH IS SPACE FOR COURT USE ONLY**

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-299 |
|---|---|---|---|---|
| | ■ | ❑ | ❑ | ❑ |

**Estimated Assets**

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $ 500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,00 to<br>$50 million |
|---|---|---|---|---|---|
| ■ | ❑ | ❑ | ❑ | ❑ | ❑ |

**Estimated Debts**

| $ 0 to<br>$ 50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,000 to<br>$50 million |
|---|---|---|---|---|---|
| ❑ | ■ | ❑ | ❑ | ❑ | ❑ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s)    POST, GARY D. |
|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (if more than one use additional sheet) | | |
|---|---|---|
| Location Northern District of Illinois<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (if more than one use additional sheet) | | |
|---|---|---|
| Name of Debtor | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) Individual/Joint**

I declare under penalty of perjury that the information provided in the petition is true and correct.
(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7) I am aware that I may proceed under chapter 7, 11, 12 or 13 of title ll, United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7. I request relief in accordance with the chapter of title ll, United States Code, specified in this petition.

_____
Signature of Debtor

_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signatures of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

---

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

**Signature of Attorney**

 /s/ Jay Weisman                    _
Signature of Attorney for Debtor(s)

JAY WEISMAN
Printed Name of Attorney for (Debtor(s)

**WEISMAN  & WEISMAN  P. C.**
Firm Name

**188 W. RANDOLPH STREET    - SUITE 1126**
Address

**CHICAGO, ILLINOIS   60601**
Address

**(312)  782-3750**
Telephone Number

_  _9/27/05_____
Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petitioner preparer as defined in 11 U.S. C. Sec. 110, that I prepared the document for compensation and that I have provided  the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_
_____
Address

_____
Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document.

---

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commissions pursuant to Section 13 or 5(d) of the Securities and Exchange Act of 1934 and is requesting relief under Chapter 11)
_____ Exhibit A is attached and made a part of this Petition

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner herein (he or she) may proceed under chapter 7, 11, 12 or 13 of title ll, United States Code and have explained the  relief available under each chapter.

_____
Signature of Attorney for Debtor(s)           Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title ll and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. Section 110; 18 U.S.C. Section 156.

In re:   GARY D. POST

## SCHEDULE A - REAL PROPERTY

| Description and location of property ............................................................................... **Nature of debtor's interest in property** | Current market value of debtor's interest in the property without deducting any secured claim or exemption ............................................................................... **.... Amount of secured claim** |
|---|---|

NONE

In re:  GARY D. POST

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property<br>...................................................................<br>Description and location of property | Current market value of debtor's interest in property without deducting any secured claim or exemptions |
|---|---|

| | | |
|---|---|---|
| 1. | Cash on hand. | **$100.00** |
| 2. | Checking, savings, or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives.  **Bank of America** | **$250.00** |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | **$810.00** |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | |
| | Debtor's interest: | **$200.00** |
| | Total debt on property: | **$   0.00** |
| | Location:  **In debtor's possession.** | |
| 5. | Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | **NONE** |
| 6. | Wearing apparel.     **Normal compliment of men's used clothing** | **$250.00** |
| 7. | Furs and jewelry. | **NONE** |
| 8. | Firearms and sports, photographic, and other hobby equipment. | **NONE** |
| 9. | Interests in insurance policies. | **NONE** |
| 10. | Annuities. | **NONE** |
| 11. | Interests in **IRA**, ERISA, Keogh, or other pension or profit sharing plans**.** | **$3,000.00** |
| 12. | Stock and interest in incorporated and unincorporated businesses. | **$   0.00** |
| 13. | Interests in partnerships or joint ventures. | **NONE** |
| 14. | Government and corporate bonds and other negotiable and non-negotiable instruments. | **NONE** |
| 15. | Accounts receivable. | **NONE** |
| 16. | Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. | **NONE** |

## SCHEDULE B - PERSONAL PROPERTY (continued)

| Type of Property<br>.......................................................................<br>Description and location of property | Current market value of debtor's interest in property without deducting any secured claim or exemption |
|---|---|
| 17.   Other liquidated debts owing debtor including tax refunds. | **NONE** |
| 18.   Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property | **NONE** |
| 19.   Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | **NONE** |
| 20.   Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. | **NONE** |
| 21.   Patents, copyrights, and other intellectual property. | **NONE** |
| 22.   Licenses, franchises, and other general intangibles. | **NONE** |
| 23.   Automobiles, trucks, trailers, and other vehicles or accessories. | **NONE** |

Debtor's interest:     **$**

Total debt on property:     **$     0.00**

Secured creditor(s):

| | |
|---|---|
| 24.   Boats, motors, and accessories. | **NONE** |
| 25.   Aircraft and accessories. | **NONE** |
| 26.   Office equipment, furnishings, and supplies | **NONE** |
| 27.   Machinery, fixtures, equipment, and supplies used in business. | **NONE** |
| 28.   Inventory. | **NONE** |
| 29.   Animals. | **NONE** |
| 30.   Crops - growing or harvested. | **NONE** |
| 31.   Farming equipment and implements. | **NONE** |
| 32.   Farm supplies, chemicals and feed. | **NONE** |
| 33.   Other personal property of any kind not already listed. | **NONE** |

**TOTAL:    $4,610.00**

In re:  GARY D. POST

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor in entitled under:

**735 ILCS 5/12-901 and 735 ILCS 5/12-1001 et. seq.**

| Description of property<br>------------------------------------------------------------<br>-Specify law providing each exemption | Value of claimed exemption<br>----------------------------------------------------------------<br>--Current market value of property without deducting exemption |
|---|---|

1.    Wearing Apparel                                   $  250.00
       Section 5/12-1001(a)

2.    Cash and Bank Accounts                    $  350.00
       Section 5/12-1001(b)

3.    Household goods                             $  200.00
       Section 5/12-1001(b)

4    Pension 401(k)                               $3,000.00
       Section 5/12-1006

   Debtor claims any unused portion of
   $2,000 personal property exemption

In re:  GARY D. POST

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor's name and complete mailing address including zip code<br>------------------------------------------------------------------------<br>-<br>**Date claim was incurred, nature of lien and description and market value of property subject to lien** | Amount of claim without deducting value of collateral<br>--------------------------------------------------------<br>-<br>**Unsecured portion if any** |
|---|---|

ZALES                                                     Amount of claim:    $ 2,609.95
6035251082648705
Processing Center
Des Moines, IA 50364-0001


     Incurred:                    December, 2003
          Nature of Lien:        installment loan
          Claim is:                  Liquidated
          Collateral description: Ring
          Collateral market value:   Unknown ring in possession of
                               ex-girlfriend

                                       **Total:**    $ 2,609.95

In re:  GARY D. POST

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| Creditor's name and complete mailing address including zip code | Amount entitled to priority |
| --- | --- |
| Date claim was incurred and consideration for claim. | - Total amount of claim |

TYPE OF PRIORITY CLAIMS:

### Wages, Salaries and Commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. sec. 507(a)(3).

### Contributions to Employee Benefit Plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first to the extent provided in 11 U.S.C. sec. 507(a)(4).

### Certain Farmers or Fishermen

Claims of certain farmers or fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C.
sec. 507(a)(5).

### Deposits by Individuals

Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. sec. 507(a)(6).

### Taxes and Certain Other Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. sec. 507(a)(7).

NONE

In re:   GARY D. POST

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's name and complete mailing address including zip code<br>------------------------------------------------------------------<br>Date claim was incurred and consideration for claim. If claim is subject to setoff, so state. | Amount of claim |
|---|---|
| Bank of America<br>4888603101153005<br>P. O. Box 60069<br>City of Industry, CA 91716-0069 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $ 11,986.87 |
| Bank of America<br>5447195156257956<br>P. O. Box 60069<br>City of Industry, CA 92708-4100 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $  9,167.49 |
| Chase<br>5183377620185629<br>P. O. Box 94017<br>Palatine, IL 60094-4017 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $ 6,166.87 |
| Chevron Credit Bank, N.A.<br>744-015-637-5<br>P. O. Box 2001<br>Concord, CA 94529-0001 | Incurred between 2000 and 5/2005 - consumer gas purchases     Amount of claim:  $1,646.68 |
| Citi Platinum Select<br>5424180440002241<br>P. O. Box 688903<br>Des Moines, IA 50368-8903 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $25,282.04 |
| MBNA America<br>74973442629753<br>P. O. Box 1502<br>Wilmington, DE 19886-5102 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $14,743.35 |
| Sears Gold Mastercard<br>5121070166703526<br>P. O. Box 6564<br>The Lakes, NV 88901-6564 | Incurred between 2000 and 5/2005 - consumer purchase of goods     Amount of claim:  $16,436.53 |
| Shell/Texaco<br>3221823598<br>Processing Center<br>Des Moines, IA 50359-0001 | Incurred between 2000 and 5/2005 - consumer gas purchases     Amount of claim:  $  780.02 |

| | | |
|---|---|---|
| J.C. Penney<br>63637140531<br>P. O. Box 960001<br>Orlando, FL 32896-0001 | Incurred between 2000<br>5/2005 - consumer purchases | Amount of claim:    $    212.24 |
| Union Plus Credit Card<br>5407070004993813<br>P. O. Box 60101<br>City of Industry, CA 91716-0102 | Incurred between 2000<br>and 5/2005 - consumer<br>purchase of goods | Amount of claim:    $9,249.42 |

**TOTAL    $95,671.51**

In Re:   GARY D. POST

Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property, include any timeshare interest.

State nature of debtors' interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

**NOTE**:  A party listed on this schedule will not receive notice of the filing of this cases unless the party is also scheduled in the appropriate schedule of creditors.

❏ Check this box if debtor has no executory contracts of unexpired leases.

| Name and mailing address, including zip code, of other parties to lease or contract | Description and contract or lease and nature of debtor's interest.  State whether lease is for non-residential real property.    State contract number of any government contract. |
|---|---|

**Landlord  RKM Management**
**Southwest Crossings**
**803 Corday Drive**
**Naperville, IL  60540**

**Lease for apartment at 808 Pomeroon St. #304**
**Naperville, Illinois, monthly rental $1,010.00**
**lease runs through  5/2006**
**Security Deposit $810.00**

In re:    GARY D. POST

Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed  by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

NONE

In re:  GARY D. POST

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTORS

DEBTOR'S MARITAL STATUS:          SINGLE

DEPENDENTS OF DEBTOR
Living with debtor and receiving support for:
                                **NONE**

Living with debtor:


Not living with debtor but paying support for:


EMPLOYMENT:

Occupation           :   Field Safety Manager
Employer name        :   Greyhound Lines, Inc.
How Long employed  :   9 1/2 years
Address of employer  :   350 N. St. Paul
                         Dallas, TX  75201
Occupation           :
Employer name        :
How Long employed  :
Address of employer  :

INCOME:

Current monthly gross wages, salary, and commissions........................................... 4,090.82
Estimated monthly overtime.................................................................................. 0.00
SUBTOTAL............................................................................................................. 0.00

            LESS PAYROLL DEDUCTIONS
            a.        Payroll taxes and social security............................................ 931.37
            b.        Insurance.............................................................................. 74.24
            c.        Union dues............................................................................ 0.00
            d.        Other:  15% 401k                                                            409.80
            SUBTOTAL OF DEDUCTIONS..................................................... 1,415.41
TOTAL NET MONTHLY TAKE HOME PAY...................................................... 2,675.41

Regular income from operation of business or other source.................................... 0.00
(See ATTACHMENT TO SCHEDULE J)

**TOTAL MONTHLY INCOME**........................................................................... **2,675.41**

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re:  GARY D. POST

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

The following expenditures are for **DEBTOR**

| | |
|---|---|
| Rent/home mortgage payments............................................................................... | 1,010.00 |

### REAL ESTATE TAXES ARE INCLUDED.
### PROPERTY INSURANCE IS INCLUDED.

| | |
|---|---|
| Utilities:  Electricity and heating fuel............................................................ | 150.00 |
| Water and sewer................................................................... | 30.00 |
| Telephone............................................................................ | 65.00 |
| Other: | |
| Garbage.............................................................. | 0.00 |
| Security.............................................................. | 0.00 |
| Cable.................................................................. | 38.00 |
| | |
| Home maintenance................................................................................ | 50.00 |
| Food......................................................................................................... | 760.00 |
| Clothing.................................................................................................. | 120.00 |
| Laundry and dry cleaning......................................................................... | 30.00 |
| Medical and dental expenses.................................................................... | 50.00 |
| Transportation......................................................................................... | 166.00 |
| | |
| Recreation, clubs, and entertainment...................................................... | 105.00 |
| newspapers, magazines, etc.................................................................... | 18.00 |
| Charitable contributions........................................................................... | 87.00 |

**Insurance**:

| | |
|---|---|
| Homeowner's or renter's....................................................... | 0.00 |
| Life........................................................................................ | 0.00 |
| Health.................................................................................... | |
| Auto....................................................................................... | |
| Other: | |

**Taxes:**

| | |
|---|---|
| Real estate (property) taxes.................................................................. | |
| Installment payments: | |
| Auto....................................................................................... | 0.00 |
| Other: | |
| | |
| Alimony, maintenance, and support paid to others.................................. | 0.00 |
| | |
| Payments for support of additional dependent not living at your home...................... | 0.00 |

Regular expenses from operation of  business, profession, or farm............................     0.00
 (See ATTACHMENT TO SCHEDULE J)


Other:
     **NONE**


TOTAL MONTHLY EXPENSES............................................................................     $2,679.00
(The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment
for up to 5 years or both.  - 18 U.S.C. secs. 152 and 3571.)

In re:    GARY D. POST

                                        Debtor


## DECLARATION CONCERNING DEBTOR' S SCHEDULES


## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


    I,  GARY D. POST, named as the debtor in this case, declare under penalty of perjury that I have read the

the foregoing **summary and schedules**, consisting of __15__ sheets, and that it is true and correct to the best of

my information and belief.



Signature: _____    Date: _____
     GARY D. POST



*The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for
up to 5 years or both.  - 18 U.S.C. secs. 152 and 3571.)*

In Re:  GARY D. POST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| SUMMARY OF SCHEDULES | | | | |
|---|---|---|---|---|
| **Schedule Name** | | **Assets** | **Liabilities** | **Other** |
| **x (marked if attached)** | | # sheets | | |
| ___ A- Real Property | 1 | -0- | | |
| ___ B - Personal Property | 2 | $4,610.00 | | |
| ___ C - Property Claimed as exempt | 1 | | | |
| ___ D - Creditors Holding Secured claims | 1 | | $2,609.95 | |
| ___ E - Creditors Holding Unsecured Priority Claims | 1 | | -0- | |
| ___ F - Creditors Holding Unsecured Non-Priority Claims | 1 | | $95,671.51 | |
| ___ G - Executory Contracts and unexpired Leases | | | | |
| ___ H - Codebtors | 1 | | | |
| ___ I - Current Income of Individual Debtors | 2 | | | $2675.41 |
| ___ J - Current Expenditures of Individual | 1 | | | $2,679.00 |
| **Summary Sheet Total No. of Sheets of All Schedules** | 1 | | | |
| **Total Assets** | | $4,610.00 | | |
| **Total Liabilities** | | | $98,281.46 | |
| **Total No. of Creditor(s)** | | | 11 | |
| **Excess Income (if any) -** | | | | |

# U N I T E D   S T A T E S   B A N K R U P T C Y   C O U R T

## NORTHERN DISTRICT OF ILLINOIS

IN RE:

    GARY D. POST
            **Debtor(s)**

**Case No.:**_____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. Each question must be answered. If the answer to any question is "none", or the question is not applicable, mark the box labeled "none". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITION

"In business" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form, if the debtor is or has been, within the years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation: a partner, other than a Limited partner, or a partnership; a sole proprietor or self employed.

"Insider" the term "insider" includes but is not limited to: relatives of the debtor: general partners of the debtor and their relatives; corporations of which the debtor is an officer, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

## STATEMENT OF FINANCIAL AFFAIRS

None    1. **INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS**

☐        State the gross amount of income the debtor has received from employment, trade, or profession,
or from  operation of the debtor's business from the beginning of this calendar year to the
date this
case was commenced.  State also the gross amounts received during the **two years** immediately
preceding this calendar year.

**DEBTOR**

| Year to Date: | Amount | Source(if more than one) |
|---|---|---|
| 2005 | 40,000.00 | |
| 2004: | 50,000.00 | |
| 2003: | 48,000.00 | |

None    2.      **INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS**

☒

State the amount of income received by the debtor other than from employment, trade, profession,
or operation of the debtor's business during the two years immediately preceding the commencement
of this case.  Give particulars,  If a joint petition is filed, state income for each spouse separately.

None 3. **PAYMENTS TO CREDITORS**

☒

a. List all payments on loans, installment purchase of goods or services, and other dates aggregating
services, and other dates, aggregating more than $600 to any creditor, made within 90 days
immediately  preceding the commencement of this case.

None

☒

b.  List all payments made within one year immediately preceding commencement of this case to
or for the benefit of creditors  who are or were insiders.

None    4.  **SUITS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS**

☒

a. List all suits to which the debtor is or was a party to within one year immediately preceding the
filing of this bankruptcy   case.

| Caption of Suit and Case Number | Nature of Proceeding | Court and Location | Status or Disposition |
|---|---|---|---|

None



    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year  immediately preceding the commencement of this case.

None    **5. REPOSSESSIONS, FORECLOSURES AND RETURNS**

    List all property that has been repossessed by a creditor, sold, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this  case.

None    **6. ASSIGNMENTS AND RECEIVERSHIPS**

☒    a. Describe any assignment of property for the benefit of  creditor made within **120 days** immediately preceding the  commencement of this case.

None

☒    b. List all property which has been in the hands of a custodian,  receiver, or court-appointed official within one year immediately preceding the commencement of this case.

None    **7. GIFTS**

☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than  $200.00 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

None    **8. LOSSES**

☒    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case**.

None    **9. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY**

☒    a.  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**Weisman & Weisman, P.C.**
**188 W. Randolph Street**
**Suite 1126**
**Chicago, IL 60601**
**(312) 782-3750**

Filing fee:          $209.00
Attorney's fees:     $2,041.00
Source was:          Debtor's earnings
Date(s) of payment:

---

None   10. **OTHER TRANSFERS**

⊠   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the  debtor, transferred either absolutely or as security within **one year** immediately  preceding the commencement of this case.

---

None   11. **CLOSED FINANCIAL ACCOUNTS**

⊠   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year  immediately preceding the commencement of this case.

---

None   12. **SAFE DEPOSIT BOXES**

⊠   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within  one year immediately preceding the commencement of this case.

---

None   13. **SETOFFS**

⊠   List all setoffs made by any creditor, including a bank, against a debt or deposit or the debtor within 90 days preceding the commencement of this case.

---

None   14. **PROPERTY HELD FOR ANOTHER PERSON**

⊠   List all property owned by another person that the debtor holds or controls

---

None   15. **PRIOR ADDRESS OF DEBTOR**

☐   If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement  of this case.  If a joint petition if filed, report also any  separate address of either spouse.   **11300 Warner Avenue  Avenue  Apt.  C 308     11/2002 - 5/2005**
**Fountain Valley, CA  92708-4100**

None    16.  **SPOUSES AND FORMER SPOUSES**

☒       If the debtor resides or resided in a community property state, commonwealth, or territory
(including  commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas,

Washington, or Wisconsin) within  the **six-year period** immediately  preceding the
commencement of the case, identify the name of  the debtor's spouse and of any former spouse
who resides or resided  with the debtor in the community property state.

None    17.  **ENVIRONMENTAL INFORMATION**

☒    a.   List the name and address of every site for which the debtor has received notice in writing by a
governmental unit that it may be liable or potentially liable under or in violation of an
Environmental Law.  Indicate the governmental unit, the date of  the notice, and, if known, the
Environmental Law:

☐    b.   List the name and address of every site for which the debtor has provided notice to a governmental
unit of a release of  Hazardous Material.  Indicated the governmental unit to which the  notice was
sent and the date of the notice.

☐    c.   List all judicial or administrative proceedings, including  settlements or orders, under any
Law with respect to which the debtor is or was a party.  Indicate the name and address  of the
governmental unit that is or was a party to the proceedings,   and the docket number.

None    18.   **NATURE, LOCATION AND NAME OF BUSINESS**

☒    a.  If the debtor is an individual, list the names  addresses, taxpayer identification numbers, nature of
of the businesses, and beginning and ending dates of all  businesses in which the debtor was an
officer,  director,  partner,  or  managing executive of a corporation, partnership, sole proprietorship,
or was a self- employed  professional within the six years immediately preceding the
commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity
securities with the six years immediately preceding the commencement of this case.

☐    b.  If the debtor is an partnership, list the names addresses, taxpayer identification numbers, nature of
the businesses and beginning and ending dates of all businesses in which the debtor was a partner
or owned 5 percent or  more of the voting or equity securities, within six years  immediately
preceding the commencement of this case.

☐    b.  If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature
of the businesses and beginning and ending dates of all businesses in which the debtor was a
partner or  owned 5 percent or  more of the voting or equity securities, within six years
immediately  preceding the commencement of this case.

    b.  Identify any business listed in response to subdivision a., above that is "single asset real estate" as defined in 11 U.S.C Section 101.

---

(The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both.

---

## DECLARATION

I,  GARY D. POST, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing statement of Financial Affairs, consisting of 6 sheets, and that it is true and correct to the best of my information and belief.


Signature:_____   Date:_____
      GARY D. POST


Jay Weisman  and Ross Weisman
WEISMAN & WEISMAN, P.C.
188 West Randolph Street    Suite 1126
Chicago, Illinois 60601
(312) 782-3750

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:

     GARY D. POST                                               CASE NO.

                      Debtor(s),

**CHAPTER 7 DEBTOR'S STATEMENT OF INTENTION**

1.    I, GARY D. POST, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.    My intention with respect to the property of the Estate which secures those consumer debts is as follows:

| NAME AND ADDRESS OF CREDITOR | DESCRIPTION OF PROPERTY | DEBTOR'S INTENTION |
|---|---|---|
| | NONE | |
| | | |

3.    I understand that Section 521(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45 day period, fixes.

Date:_____        _____

                                             GARY D. POST

Jay Weisman and Ross Weisman
Weisman & Weisman, P.C.
Attorneys for the Debtor
188 West Randolph St., Suite 1126
Chicago, Illinois 60601
(312) 782-3750

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:

GARY D. POST

                            Debtor(s)

Case No. _____

**DISCLOSURE OF COMPENSATION UNDER 11 U.S.C. 329
AND BANKRUPTCY RULE  2016(b)**

       I certify that I am the attorney for the above named debtor and that the compensation paid or agreed to be paid to me for services rendered or to be rendered in behalf of the debtor in, or in connection with, case under Title 11 of the United States Code, such payment or agreement having been made after one year before the date of the filing of the petition, is as follows:   $2,041.00      paid,   -0-                     to be paid, that the source of the compensation was income earned and that the source of the compensation agreed to be paid is future income.

       I have not agreed to share this compensation with any other person.

Dated: _____9/27/05_____          _____/s/ Jay Weisman_____
                                                        Attorney for the Debtor